IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.P.P., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Misc. Action No. 20-1443 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GUARDIAN PROTECTION PRODUCTS, INC., *et al.*, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Guardian's Motion (Doc. 1) to compel non-party Innovative Solution Specialists, LLC ("ISS") to produce documents responsive to its subpoena will be denied, without prejudice to renewal at this same case-number, as follows.

As an initial matter, party GIS has not convinced the Court that it has standing to object to the third-party subpoena on behalf of ISS.  *See generally* Cardona v. Vivint Solar, Inc., 2019 WL 4686556, *2 (E.D. Pa. Sept. 26, 2019) (absent an exception "where a party claims some personal right or privilege [with] respect to the subject matter of a subpoena duces tecum," "only the non-parties . . . served with the subpoenas may move to have them quashed under [Rule 45]") (citations and internal quotations omitted).  GIS has not asserted privilege, but, rather, argues that the information-sought runs afoul of Order(s) entered in the underlying litigation in California.  *See* Doc. 6 at pgs. 2-15.  As for this Court's ability to master the detailed goings-on in the California litigation, now years-pending and post-remand from the Court of Appeals for the Ninth Circuit, the undersigned's reaction echoes that of ISS:  "As a non-

[participant], ISS lacks knowledge as to several aspects of [the underlying] case, particularly discovery matters outside of the record." *See* Doc. 9 at 1 n.1.

Nevertheless, this Court remains charged with resolving the subpoena-dispute, and it will focus on ISS's specific objections. Any concerns GIS may have regarding the information eventually uncovered are better presented to the California Court, which necessarily will have a better grasp of the relevant issues and considerations.[1]

ISS's concerns regarding the breakdown in Guardian's efforts to meet and confer cannot form a basis for quashing the subpoena. While it is true that the undersigned's Practices and Procedures contain a meet-and-confer requirement, the assignment of this Miscellaneous Action was not predetermined, but rather was random. It follows that Guardian's Motion was not required to comply with Chambers procedures not in force at the time of filing. This being said, and now that the case properly is before the undersigned, counsel for ISS and Guardian must meet and confer, as described in the Practices and Procedures, before Guardian renews its Motion.

Turning to ISS's objection regarding the place-of-production (Philadelphia), that does appear to warrant a denial of the Motion to Compel (or modification of the subpoena). ISS's counsel represents, subject to the requirements in Rule 11(a) and (b), that ISS has a principal place of business in the greater Pittsburgh area; and that it does not regularly transact business within 100 miles of Philadelphia. Fed. R. Civ. P. 45(c)(2)(A).

Additionally, ISS has raised sufficient concerns regarding burdensomeness, vis-à-vis the scope and timing of the anticipated productions; the (over)breadth of Guardian's requests;

---

[1] To the extent that GIS claims irrelevance, the Court finds that Guardian overcomes that objection under the *relatively*-relaxed standards applicable in the Federal Rules.

and potential confidentiality issues regarding some of the documents requested – such that the Court is not comfortable attempting a cursory resolution, on the paper alone.

Consistent with the foregoing, Guardian's Motion to Compel (**Doc. 1**) is **DENIED** without prejudice, and **counsel for Guardian and ISS promptly shall meet and confer regarding the issues referenced above, and make reasonable, best-faith efforts to resolve or narrow their disputes regarding a reasonable production, taking into account the proportionality-requirements now encompassed in the Federal Rules**.

Should disputes remain, Guardian's counsel shall contact Chambers (412.208.7460) so that a telephonic conference may be scheduled, consistent with Section III.B.3 of the undersigned's Practices and Procedures.  *See* web page at https://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge.

IT IS SO ORDERED.

October 27, 2020                                      s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record